FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 16 2004

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                         Civ. No. 04-0685 JP/RLP
                                                         Cr. No. 03-1142 JP

MONICO AGUIRRE-CARREON,

    Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    Mr. Aguirre-Carreon filed a "Motion" on June 10, 2004 which was entered by the Clerk's office as a Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255. Mr. Aguirre-Carreon states in his Motion that he pled guilty and on December 22, 2003 was sentenced to 15 months' imprisonment. He contends that he should have been released on April 17, 2004 when his sentence was completed. Instead, he was transferred to a prison facility in El Paso, Texas and he requests immediate release. Motion [Doc. 1] at 1-2.

2.    "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 165 (10th Cir. 1996). A motion under § 2255 "attacks the legality of

---

[1]    Within ten (10) days after a party is served with a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.



detention . . . and must be filed in the district that imposed the sentence." *Id.*

3.According to the Government, Mr. Aguirre-Carreon was due to be released on April 16, 2004. "On January 21, 2004, however, the defendant was transferred to the El Paso Detention Center. . . . The transfer occurred because there was an arrest warrant for the defendant. . . . The arrest warrant was premised upon an allegation that the defendant violated his conditions of supervised release concerning a previous incident." Answer [Doc. 7] & Exhibits thereto and at Doc. 8.

4.Mr. Aguirre-Carreon does not contest the validity of the New Mexico sentence; he contests the validity of the Texas incarceration. Any attack on the Texas sentence must be filed in Texas.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Sentence and Conviction be dismissed with prejudice as to the New Mexico sentence, but without prejudice to any claims Mr. Aguirre-Carreon may have regarding his Texas sentence.

_____
Richard L. Puglisi
United States Magistrate Judge